Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50485 | **DATE** | 5/11/2004 |
| **CASE TITLE** | SAGE PRODUCTS, INC. vs. AMERICAN NONWOVENS CORP. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion to dismiss Counts I and III for lack of subject matter jurisdiction is granted. Count II is dismissed without prejudice. Plaintiff is granted fourteen days to seek reinstatement of Count II. If reinstated the court will address the merits of defendants currently filed motion to dismiss Count II.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| X | Notices mailed by judge's staff. | | MAY 1 3 2004 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | docketing deputy initials |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | 5-12-04 date mailed notice |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 31

# MEMORANDUM OPINION AND ORDER

Plaintiff, Sage Products, Inc., filed this action against defendant, American Nonwovens Corp., seeking a declaratory judgment of invalidity and unenforceability of U.S. Patent No. 5,928,973 ("973 patent") (Count I), or alternatively, a correction of inventorship for the 973 patent (Count II) or a declaratory judgment of non-infringement (Count III). Jurisdiction is premised on 28 U.S.C. §§ 1338 (a) and 2201 (Declaratory Relief Act) as the action arises under the patent laws of the United States, 35 U.S.C. § 101 et seq. Defendant moves to dismiss under Fed. R. Civ. P. 12 (b) (1) for lack of standing (no actual controversy) under Article III of the U.S. Constitution and, assuming standing is found, to dismiss Count II for failure to meet the pleading particularity requirements of Fed. R. Civ. P. 9 (b).

In patent declaratory judgment actions, for an actual controversy and, therefore, standing to exist there must be "both (1) an explicit threat or other action by the patent owner creating a reasonable apprehension of an infringement suit on the part of the declaratory plaintiff, and (2) present activity constituting infringement or concrete steps being taken with the intent to conduct such activity." Livorsi Marine, Inc. v. Nordskog Publishing, Inc., 268 F. Supp. 2d 994, 997 (N.D. Ill. 2003) (St. Eve, J.); Phillips Plastics Corp. v. Kato Hatsujou Kabuhiki Kiasha, 57 F.3d 1051, 1052 (Fed. Cir. 1995). The actual controversy must exist at the time of the filing of the complaint. See Arrowhead Indus. Water, Inc. v. Ecolochem, Inc., 846 F.2d 731, 734, n.2 (Fed. Cir. 1988). Defendant argues it took no action which would create a reasonable apprehension of it bringing an infringement suit.

Defendant owns the 973 patent. Plaintiff and defendant entered an agreement in April 2000 in which it was agreed defendant would be "the majority supplier of non-woven fabrics" to plaintiff, plaintiff would secure a second source of supply for its exclusive use "without royalty or retribution, as long as [defendant] remains the majority supplier and the second source only supplies [plaintiff]," defendant would retain "title to its patent and [plaintiff] neither acknowledges nor denies its efficacy by agreeing to these terms." On October 28, 2003, plaintiff, through its Director of Purchasing and Planning, Craig Boss, advised defendant by telephone that it would no longer consistently purchase fabric from defendant and that plaintiff would make the majority of its fabric in-house. Boss Aff. ¶ 3. Later that day, Nelson Ortiz, defendant's Executive Vice President, called Boss and told him the 973 patent covered the fabric and that defendant would do what it had to do if plaintiff quit purchasing fabric consistently from defendant. Id. ¶ 9. By letter dated the same day, defendant notified plaintiff that defendant "can no longer allow use of its Patent by [plaintiff] without restriction and consideration. It is necessary for us to begin discussion immediately on a royalty arrangement for products that are within the bounds of [defendant's] Patent." The letter indicated copies had been sent to Wilbur O. Colom and Brian A. Hinton. Colom and Hinton are attorneys. Plaintiff filed this declaratory judgment action on November 14, 2003.

Plaintiff argues that these facts show defendant intended to sue plaintiff for infringement and that plaintiff, therefore, had a reasonable apprehension of such a suit. Generally, an offer to conduct license negotiations is insufficient to create a justiciable controversy. Phillips, 57 F.3d at 1053. Ortiz's statement to Boss that the 973 patent covered the fabric and that defendant would "do what it had to do" is a necessary part of license negotiation and does not create a reasonable apprehension of suit. See Shell Oil Co. v. Amoco Corp., 970 F.2d 885, 889 (Fed. Cir. 1992). An indication that the patentee does not intend to enforce its patent would remove the incentive of the potential licensee to negotiate. See id. The statement must be looked at in the context in which it arose. Plaintiff had just advised defendant that plaintiff was going to end its use of defendant as its primary supplier of the fabric. Defendant simply reiterated its belief its patent covered the fabric and that it would act on that belief. By letter dated the same day, defendant acted by offering to open licensing negotiations. That the letter indicated copies had been sent to lawyers does not get plaintiff over the top. Attorney involvement in licensing negotiations is common and does not mean a lawsuit is contemplated. Taken in context, defendant's actions do not give rise to a reasonable apprehension of suit in this case.

Even if the court were to find an actual controversy existed, exercising jurisdiction under the Declaratory Judgment Act is discretionary. EMC Corp. v. Norand Corp., 89 F.3d 807, 810 (Fed. Cir. 1996), cert. denied, 519 U.S. 1101 (1997). The parties to this action have had an ongoing business relationship which they crafted despite their differences about the validity of defendant's patent. Plaintiff advised defendant that the nature of the relationship was going to change. Plaintiff was not going to buy primarily from defendant anymore. Defendant took the logical step of trying to adjust to the changed circumstances by seeking a licensing arrangement. This pursuit of an extrajudicial resolution of the issues should be encouraged. See id. at 814. There is no indication defendant was trying to gain any advantage by delaying litigation so as to leave plaintiff unable to act for fear of racking up potential infringement damages which is the purpose of the Declaratory Judgment Act.. See id. at 815. Thus, the court would decline to exercise jurisdiction even if an actual controversy existed.

Count II is an alternative count seeking to correct inventorship in the event the patent is found valid under Count I. Because the court lacks subject matter jurisdiction over Count I, the issue of patent validity is not before the court. The court presumes plaintiff does not wish to take the position that the patent is valid and that Count II should proceed to correct inventorship. Accordingly, Count II will be dismissed without prejudice without being considered on the merits. If plaintiff wishes to pursue Count II at this time, it must notify the court within fourteen days of the entry of this order. The court will then reinstate Count II and address defendant's currently filed motion to dismiss Count II.

For the foregoing reasons, defendant's motion to dismiss Counts I and III for lack of subject matter jurisdiction is granted. Count II is dismissed without prejudice. Plaintiff is granted fourteen days to seek reinstatement of Count II. If reinstated the court will address the merits of defendants currently filed motion to dismiss Count II.